OPINION OF THE COURT Brian J. Herman, J. This criminal matter was commenced by the filing with this court of an accusatory instrument alleging that on February 23, 2017 the defendant committed a violation of Penal Law § 195.05, obstructing governmental administration in the second degree. At arraignment, the defendant pleaded not guilty to the charge. Thereafter pursuant to CPL 240.20, the defendant served discovery demands upon the People. Among the discovery demands was a demand for the discovery and inspection of drawings, photographs, tapes and electronic records. The People denied being in possession of any such material, but then by using the term, “if any, the People excepts from such denial any such item which are being held by the New York State Police.”[1] The People further stated that if such material exists, then it would “be available at the offices of the New York State Police [sic], by appointment and upon prior notice to the People.” Defendant has moved by notice of motion dated August 14, 2017 seeking an order compelling the People to “produce items in discovery and for any other and further relief the court deems just and proper.” The People filed an affirmation dated August 31, 2017 in response to defendant’s motion. In support of her motion, the defendant asserts that the People’s offer of making such material available at the offices of the New York State Police is inadequate in that the People should provide copies to the defendant, and that requiring the defendant to schedule an inspection with the New York State Police and on notice to the People is overly burdensome. In the People’s responding affirmation, the People assert that they are not stating that such material exists. The People strongly assert that no representation has been made by the People that such material exists; the People only suggest that it may exist. CPL 240.20, in its entirety, states: “240.20 Discovery; upon demand of defendant “1. Except to the extent protected by court order, upon a demand to produce by a defendant against whom an indictment, superior court information, prosecutor’s information, information, or simplified information charging a misdemeanor is pending, the prosecutor shall disclose to the defendant and make available for inspection, photographing, copying or testing, the following property: “(a) Any written, recorded or oral statement of the defendant, and of a co-defendant to be tried jointly, made, other than in the course of the criminal transaction, to a public servant engaged in law enforcement activity or to a person then acting under his direction or in cooperation with him; “(b) Any transcript of testimony relating to the criminal action or proceeding pending against the defendant, given by the defendant, or by a co-defendant to be tried jointly, before any grand jury; “(c) Any written report or document, or portion thereof, concerning a physical or mental examination, or scientific test or experiment, relating to the criminal action or proceeding which was made by, or at the request or direction of a public servant engaged in law enforcement activity, or which was made by a person whom the prosecutor intends to call as a witness at trial, or which the people intend to introduce at trial; “(d) Any photograph or drawing relating to the criminal action or proceeding which was made or completed by a public servant engaged in law enforcement activity, or which was made by a person whom the prosecutor intends to call as a witness at trial, or which the people intend to introduce at trial; “(e) Any photograph, photocopy or other reproduction made by or at the direction of a police officer, peace officer or prosecutor of any property prior to its release pursuant to the provisions of section 450.10 of the penal law, irrespective of whether the people intend to introduce at trial the property or the photograph, photocopy or other reproduction. “(f) Any other property obtained from the defendant, or a co-defendant to be tried jointly; “(g) Any tapes or other electronic recordings which the prosecutor intends to introduce at trial, irrespective of whether such recording was made during the course of the criminal transaction; “(h) Anything required to be disclosed, prior to trial, to the defendant by the prosecutor, pursuant to the constitution of this state or of the United States. “(i) The approximate date, time and place of the offense charged and of defendant’s arrest. “(j) In any prosecution under penal law section 156.05 or 156.10, the time, place and manner of notice given pursuant to subdivision six of section 156.00 of such law. “(k) in any prosecution commenced in a manner set forth in this subdivision alleging a violation of the vehicle and traffic law, in addition to any material required to be disclosed pursuant to this article, any other provision of law, or the constitution of this state or of the United States, any written report or document, or portion thereof, concerning a physical examination, a scientific test or experiment, including the most recent record of inspection, or calibration or repair of machines or instruments utilized to perform such scientific tests or experiments and the certification certificate, if any, held by the operator of the machine or instrument, which tests or examinations were made by or at the request or direction of a public servant engaged in law enforcement activity or which was made by a person whom the prosecutor intends to call as a witness at trial, or which the people intend to introduce at trial. “2. The prosecutor shall make a diligent, good faith effort to ascertain the existence of demanded property and to cause such property to be made available for discovery where it exists but is not within the prosecutor’s possession, custody or control; provided, that the prosecutor shall not be required to obtain by subpoena duces tecum demanded material which the defendant may thereby obtain.” Clearly, pursuant to CPL 240.20 the People are obligated to provide the defense with “[a]ny photograph or drawing relating to the criminal action or proceeding which was made or completed by a public servant engaged in law enforcement activity, or which was made by a person whom the prosecutor intends to call as a witness at trial, or which the people intend to introduce at trial”;[2] “[and] [a]ny photograph, photocopy or other reproduction made by or at the direction of a police officer, peace officer or prosecutor of any property prior to its release pursuant to the provisions of section 450.10 of the penal law, irrespective of whether the people intend to introduce at trial the property or the photograph, photocopy or other reproduction.”[3] Defendant’s discovery demands numbered four and five echo the language of CPL 240.20 (1) (d) and (e), and therefore are proper demands. The People’s response suggesting that no such materials exist except those possibly in the possession of the New York State Police is not a sufficient response. CPL 240.20 (2) requires the prosecution to make a “diligent, good faith effort to ascertain the existence of demanded property and to cause such property to be made available for discovery where it exists but is not within the prosecutor’s possession, custody or control.” The People’s response herein excepting such material which is held by the New York State Police, if any, does not fulfill the prosecution’s obligations under CPL 240.20 (2). Possession by a police agency is constructive possession of such material by the prosecution.[4] Making inquiry of applicable police agencies would be part of any such “diligent, good faith effort.” Therefore, logic dictates that CPL 240.20 (2) requires the People to make inquiry of the appropriate police agencies and thereafter provide an unequivocal response to the discovery demands of the defendant—in this case if the People are aware that such material exists. Regarding the defendant’s objection to having to go to the New York State Police to inspect such material as being inadequate and that the People should provide an opportunity for the defense to make copies, the court must agree. CPL 240.20 (1) provides, “the prosecutor shall disclose to the defendant and make available for inspection, photographing, copying or testing.” By the plain language of the statute it is clear that the prosecution has the obligation of disclosure and such disclosure cannot be delegated to a third party, such as the State Police. The People have the statutory obligation to make such material available to the defense. In light of the foregoing, it is hereby ordered that within 15 days from the date of entry of this decision and order, the Columbia County District Attorney make a good faith diligent effort to unequivocally respond to the defendant’s discovery demands; and, if such discoverable material exists, that the Columbia County District Attorney make available such material at his office within 30 days from the date of entry of this decision and order for the defense to inspect, photograph, copy or test such material. If the prosecution fails to comply with this order, such evidence will be precluded from trial. . This was subsequently amended by the People to replace the reference to the New York State Police with the Hudson City Police. . CPL 240.20 (1) (d). . CPL 240.20 (1) (e). . See People v Washington (86 NY2d 189 [1995]), People v Stern (270 AD2d 118 [1st Dept 2000]), and People v Wright (225 AD2d 430 [1st Dept 1996]).